[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16495
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00156-TJC-PDB-1

UNITED STATES OF AMERICA,

                                                              Plaintiff-Appellee,

versus

DONALD BROOMFIELD,

                                                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 3, 2017)

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Donald Broomfield appeals his sentence of 180 months of imprisonment for conspiring to distribute five kilograms or more of cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and possessing with intent to distribute 500 grams or more of cocaine, *id.* § 841(a)(1), (b)(1)(B). Broomfield argues that his sentence below the advisory guideline range is substantively unreasonable. We affirm.

Between 2010 and August 2014, Broomfield smuggled from Texas to Florida more than 50 kilograms of cocaine that he concealed in hidden compartments in his Chrysler 300 sedan and in a Chevrolet Tahoe vehicle. He divided the cocaine into smaller quantities for himself and for his recruits, which included his cousin, Donshay Christia, Mandis Thomas, and James Degelmann, to sell at $26,000 to $43,000 per kilogram. Broomfield also recruited Raymond Priester to transport cash from Atlanta, Georgia, and from Jacksonville to Texas. When arrested, Broomfield possessed 1,600 grams of cocaine, $5,000 in cash, and a card for a self-storage facility inside which police officers discovered a small amount of cocaine and $4,000 in cash.

The district court did not abuse its discretion by imposing a below-guidelines sentence. Broomfield initially faced an advisory guideline range of 262 to 327 months, but the district court sustained his objection to a two-level enhancement for obstruction of justice, which lowered his sentencing range to 210 to 262 months. The district court then varied downward an additional 30 months to

2

reflect that Broomfield was "a first-time offender." The district court reasonably determined that a sentence of 180 months accounted for "the amount of drugs that . . . [Broomfield transferred] from Texas into Florida"; his management of "a fairly sophisticated operation"; his recruitment of "his cousin and other people . . . acquainted with him"; his desire to retain the lifestyle he had "as a pro football player"; and the need "to promote respect for the law and provide just punishment," to deter him and other persons "in a [similar] situation," and to "protect[] the public from further crimes from him." 18 U.S.C. § 3553(a). Broomfield argues that the district court failed to consider that his coconspirators had alternative motives for testifying against him, but the district court was in the best position to assess the witnesses' credibility and determined that Broomfield, although "not your typical drug dealer," was "try[ing] to minimize what . . . [he had] done." *See United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). Broomfield's sentence, which is well below his statutory maximum penalty of imprisonment for life, is reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

We **AFFIRM** Broomfield's sentence.